NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2228
_____

JING ZHUO JIANG,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-686-063)
Immigration Judge: Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2011

Before: SCIRICA, FISHER and ALDISERT, Circuit Judges

(Filed March 14, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Jiang Zhuo Jiang petitions for review of a final order of removal entered by the

Board of Immigration Appeals ("BIA"), which dismissed his appeal of an immigration

judge's ("IJ") denial of his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). Because Jiang has not exhausted the sole claim that he presents to us, we will dismiss the petition for lack of jurisdiction.

Jiang is a native and citizen of the People's Republic of China. He entered the United States without valid entry documents in April 2006. Shortly afterward, he was served with a notice to appear, charging him with being removable pursuant to 8 U.S.C. § 1182(a)(6)(i) (entering the country without being admitted or paroled). He conceded removability and applied for asylum, withholding of removal, and relief under the CAT.

The IJ conducted a merits hearing, at which Jiang testified that he had been persecuted in China as a result of its birth-control policy. He and his wife married in 1994. They had a son two years later. One month after the boy's birth, Jiang's wife was required to have an intrauterine device ("IUD") inserted. In 1998, Jiang's wife had a routine examination and discovered that the IUD was not in her body and that she was in the first month of a pregnancy. Family-planning officials found out about the pregnancy and, over her objection, forced her to have an abortion. She then had another IUD inserted.

In 2003, Jiang and his wife decided to have another child. Jiang's wife had the IUD removed by a private physician and later became pregnant. In an effort to keep the pregnancy secret, the couple and their son moved in with Jiang's sister-in-law. However, family-planning officials learned the secret and, during the fifth month of the pregnancy, came to the sister-in-law's house to take Jiang's wife to the hospital. Jiang objected, and he was hit, knocked to the ground, and held down while his wife was forcibly removed.

Jiang later met his wife at the hospital, where he learned that the officials had induced labor. Several hours later, she went into labor and was taken into an operating room, where doctors performed an abortion.

In 2006, Jiang left China for the United States, hoping to eventually send for his wife and son. He testified that if he were removed to China, he would be subjected to beatings, fines, and imprisonment, and that either he or his wife would be sterilized.

The IJ found Jiang's testimony to be credible, but denied relief. The IJ concluded that Jiang's claim of being hit and knocked to the ground on one occasion did not rise to the level of past persecution. The IJ also found that Jiang failed to establish a well-founded fear of future persecution, or that he would likely be tortured if returned to China.

Jiang appealed to the BIA. In his counseled brief, he argued, inter alia, that the IJ had erred in finding that Jiang had not been persecuted by the family-planning officials when he was hit and pushed to the ground. The BIA adopted the IJ's opinion and dismissed the appeal. It noted that, even if Jiang's actions constituted "other resistance to a coercive population control program," he had not established past persecution.

Jiang petitions this Court for review. In his counseled brief, Jiang does not reassert the argument that he made to the BIA. Thus, he has waived that issue. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir.1994) ("An issue is waived unless a party raises it in its opening brief") (internal quotation marks and citation omitted). Instead, he argues that the IJ's decision was not supported by

3

substantial evidence because the IJ did not consider whether Jiang had been persecuted as a result of having to watch as his wife was taken away by the family-planning officials. Generally, "an alien must exhaust all administrative remedies available to him as of right before the BIA as a prerequisite to raising a claim before us." Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005) (emphasis removed); 8 U.S.C. § 1252(d)(1). Exhaustion requires that the appellant first bring the claim before the BIA or IJ. Alleyne v. INS, 879 F.2d 1177, 1182 (3d Cir. 1989). We lack jurisdiction over claims that have not been properly exhausted. Lin v. Attorney Gen., 543 F.3d 114, 120 & n.6 (3d Cir. 2008).

Jiang's sole issue in his petition for review is a claim that he did not raise below. Nowhere in his appellate brief to the BIA or in his I-589 "Application for Asylum and Withholding of Removal" does he argue that he was persecuted as a result of witnessing his wife's removal from the sister-in-law's house. In his arguments below, Jiang relied entirely on an allegation of physical harm in order to establish past persecution. Now, by contrast, he relies entirely on an allegation of psychological harm. Although the fact that he witnessed his wife's removal was implied by his testimony, he did not raise this issue as an independent basis for relief. Thus, the BIA was not afforded "the opportunity to resolve [the] controversy or correct its own errors before judicial intervention," Zara v. Ashcroft, 383 F.3d 927, 931 (9th Cir. 2004), and his claim is unexhausted.

Accordingly, we will dismiss the petition for review for lack of jurisdiction.

4